# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

MARVIN L. ADAMS,

        Debtor.

Case No. A09-00487-DMD
Chapter 13

**Filed On 6/1/10**

## MEMORANDUM ON TRUSTEE'S OBJECTION TO
## PROOF OF CLAIM NO. 10

Marvin Adams filed a chapter 13 petition on July 17, 2009. Notice of his bankruptcy case was served by first class mail on July 22, 2009, on all creditors whom Adams had listed on his matrix.[1] The notice set October 10, 2009, as the deadline for creditors to file a proof of claim in this case.[2]

Adams filed a chapter 13 plan on July 31, 2009,[3] and a first amended chapter 13 plan on December 11, 2009.[4] A notice of the confirmation hearing on Adams' first amended chapter 13 plan was served on the matrix on January 19, 2010.[5] After a confirmation hearing held on February 17, 2010, an order confirming the first amended plan was entered.[6] The chapter 13 trustee, Larry Compton, subsequently filed an objection to the

---

[1] BNC Certificate of Notice, filed Jul. 22, 2008 (Docket No. 15), at 5.

[2] *Id.* at 1.

[3] Ch. 13 Plan, filed Jul. 31, 2009 (Docket No. 25).

[4] First Amended Ch. 13 Plan, filed Dec. 11, 2009 (Docket No. 39).

[5] Notice of Hearing on Confirmation of Ch. 13 Plan and Time to File Written Objs., filed Jan. 19, 2010 (Docket No. 47).

[6] Order Confirming First Amended Ch. 13 Plan, entered Feb. 18, 2010 (Docket No. 52).

proof of claim filed by Clark Millett. Millett filed Claim No. 10 on February 3, 2010, well after the deadline for filing claims had passed. The trustee contended Millett's claim should be disallowed because it was filed late.

When Adams filed his bankruptcy petition, he owed a debt to Clark Millett. Adams did not list Millett on his matrix, however, nor did he list the debt he owed Millett, in the sum of $13,276.44, on his bankruptcy schedules. Millett was not sent a copy of either the notice of Adams' bankruptcy filing when it was served in July, 2009, or of the notice of confirmation hearing. He did not learn about Adams' bankruptcy case until after the deadline for filing claims had passed. At the hearing on the trustee's objection to Claim No. 10, Millett said he had a phone conversation with Adams sometime in January, 2010, where Adams acknowledged the debt he owed Millett, but did not mention that he had filed bankruptcy. Millett said he learned about Adams' bankruptcy on January 23, 2010. Both he and Adams were attending the same event, and Adams mentioned his bankruptcy then. Millett promptly filed his proof of claim after learning of Adams' bankruptcy. A copy of the original promissory note, signed by Adams, is attached to the claim. Also attached is a copy of a check Adams issued to Millett in partial payment of this debt, along with an accounting of the interest that has accrued on this obligation since it was incurred.

There is no question that Adams owed Millett money at the time the bankruptcy petition was filed. I also find that Millett had no knowledge of Adams' bankruptcy until after the claim deadline had passed. Millett urges this court to allow his claim under the circumstances. However, a bankruptcy court cannot extend the time to file

a proof of claim except under certain circumstances as stated in Fed. R. Bankr. P. 3002(c).[7] These circumstances include claims filed by governmental units, claims filed by infants or incompetent persons, and claims arising from the entry of certain judgments or from the rejection of an executory contract or lease.[8] Millett's claim does not fall under any of these circumstances. The court cannot extend the claim deadline in this case for him.

Untimely claims filed in chapter 13 cases cannot be allowed and do not share in a distribution under the chapter 13 plan.[9] But, in this case, that doesn't mean that Millett is out of luck in his ability to recover this debt from Adams. A chapter 13 plan will not discharge, or wipe out, the debt of a creditor who does not get notice of the bankruptcy case until after the deadline for filing a proof of claim has expired.[10] Because Millett didn't get timely notice of Adams' bankruptcy case, the loan he extended to Adams will not be discharged under the chapter 13 plan. Assuming Adams completes his chapter 13 plan, after he receives a discharge, Millett can seek to recover the debt from him.[11] Alternatively, if Adams is unsuccessful in completing his chapter 13 plan, and his case converts to chapter 7,

---

[7] *Gardenhire v. United States (In re Gardenhire)*, 209 F.3d 1145, 1148-49 (9th Cir. 2000).

[8] Fed. R. Bankr. P. 3002(c)(1) - (4). Two additional exceptions, found in Fed. R. Bankr. P. 3002(c)(5) and (6), include when the trustee files a notice that additional dividends may be available in a case, or when insufficient notice of the claim deadline is given to a foreign creditor.

[9] 11 U.S.C. § 502(b)(9); *United States v. Osborne (In re Osborne)*, 76 F.3d 306, 308-10 (9th Cir. 1996) (late filed claim of Internal Revenue Service was disallowed in chapter 13 case).

[10] 11 U.S.C. §§ 1328(a)(2), (c)(2); 523(a)(3)(A).

[11] Millett cannot try to recover the debt during the bankruptcy because collection efforts are stayed by 11 U.S.C. § 362(a).

a new claim deadline will be set and Millett will receive notice of this new deadline. If Adams's bankruptcy case is dismissed before he completes a chapter 13 plan or obtains a chapter 7 discharge, Millett's debt will survive the bankruptcy and he can pursue collection. Millett may have other remedies as well. He should consult an experienced bankruptcy attorney if he wishes to explore this further.

For the foregoing reasons, Claim No. 10 filed by Clark Millett will be disallowed. However, because Mr. Millett did not receive timely notice of the claim deadline in this case, the treatment of his claim is governed by 11 U.S.C. § 523(a)(3)(A), and his claim will not be discharged under the chapter 13 plan.

An order will be entered consistent with this memorandum.

DATED: June 1, 2010.

>> BY THE COURT
>>
>> /s/ Donald MacDonald IV
>> DONALD MacDONALD IV
>> United States Bankruptcy Judge

Serve:  T. Draeger, Esq. (for debtor)
       Clark Millett, 320 Peppertree Loop, Anchorage, AK  99504
       L. Compton, Trustee
       U. S. Trustee
       Claims Register
              6/1/10

4